IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

NOVO 1, INC.,

    Plaintiff,

v.

LEVENDO, LLC and PATRICK HINES,

    Defendants.

Case No. 10-CV-892

Hon. William E. Callahan, Jr.

**PLAINTIFF NOVO 1, INC.'S RESPONSE TO DEFENDANT PATRICK HINES' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## INTRODUCTION

Plaintiff Novo 1, Inc. ("Novo 1") filed this action against Defendants Levendo, LLC ("Levendo") and Patrick Hines ("Hines"). In its Complaint, Novo 1 expressly alleged that Levendo is the alter ego and a mere instrumentality of Hines. Because Levendo is a mere instrumentality of Hines, and because the parties agree that this Court has jurisdiction over Levendo, this Court may exercise personal jurisdiction over Hines by piercing Levendo's corporate veil. Piercing Levendo's corporate veil allows this Court to attribute Levendo's actions to Hines when determining whether personal jurisdiction exists.

This Court has personal jurisdiction over Levendo because Levendo consented to such jurisdiction in the Services Agreement dated as of January 1, 2007 (the "Agreement"). Hines admits this. Accordingly, Hines—through his alter ego, Levendo—agreed that any litigation regarding the failure to pay in accordance with the Agreement should be brought in Wisconsin. Because Hines' alter ego has failed to pay Novo 1 hundreds of thousands of dollars pursuant to the Agreement, Novo 1 duly brought suit in Wisconsin. Now, Hines attempts to hide behind his

corporate façade to compel Novo 1, a Wisconsin corporation, to split forums by maintaining one action against the alter ego in Wisconsin but maintaining a separate action in Florida against him. Such forum splitting runs contrary to the Agreement whereby Hines, through his alter ego, consented to jurisdiction in Wisconsin, the place where Novo 1 will be harmed due to the breach of the Agreement. Moreover, such forum splitting is improper because Novo 1 should not be made to litigate against Hine's alter ego in Wisconsin while the real party in interest, Hines, seeks to closet himself in Florida. In short, if Hines' alter ego's actions are attributable to Hines, and there is no dispute that this Court has personal jurisdiction over the alter ego, then this Court also has personal jurisdiction over Hines. Therefore, Hines' motion should be denied.

## STATEMENT OF FACTS

Novo 1 is a Wisconsin corporation, with its principal place of business in Waukesha, Wisconsin. *Exhibit A* (Declaration of Mike Satterlee); *see also* Docket Entry No. 1 (Complaint), p. 1 ¶1. Novo 1 operates customer contact centers, and it is a leading provider of inbound and outbound customer interaction solutions. *Exhibit A* (Declaration of Mike Satterlee). In late 2006, Hines solicited Novo 1 and sought to engage Novo 1's services to establish and maintain customer contact support for Levendo. *Id.* As a result of these negotiations with Hines, Novo 1 and Levendo entered into the Agreement, whereby Novo 1 would provide services and, in exchange, Levendo would pay Novo 1 certain fees and charges on a monthly basis. *Id.* Moreover, under the Agreement, if any dispute arose, the parties expressly agreed that Wisconsin courts would have exclusive jurisdiction. *Exhibit B* (Agreement), Section 7.3. Section 7.3 of the Agreement provides in relevant part:

> THIS AGREEMENT AND ALL DISPUTES ARISING HEREUNDER WILL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF WISCONSIN WITHOUT REGARD TO CHOICE OF LAW

2

PRINCIPLES. EACH OF THE PARTIES CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE COURTS OF THE STATE OF WISCONSIN AND THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN, IN CONNECTION WITH ANY ACTION OR PROCEEDINGS ARISING OUT OF THIS AGREEMENT AND AGREES THAT ALL ACTIONS AND PROCEEDINGS RELATED TO THIS AGREEMENT SHALL BE LITIGATED ONLY IN SUCH COURTS.

The parties went even further, expressly waiving any right that either party would have to contest jurisdiction as Hines attempts to do now:

EACH PARTY WAIVES ANY OBLIGATION [SIC] WHICH SUCH PARTY MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR <u>FORUM NON CONVENIENS</u> AND WAIVES ANY RIGHT TO TRANSFER OR CHANGE THE VENUE OF ANY LITIGATION BROUGHT IN THE COURTS DESCRIBED HEREIN.

In November 2009, Levendo stopped paying Novo 1. *Exhibit A* (Declaration of Mike Satterlee). Novo 1 contacted Hines regarding the money owed. After numerous unsuccessful attempts to collect the money owed, Novo 1 then notified Hines and Levendo by letter dated May 18, 2010 that Novo 1 was terminating the Agreement pursuant to Section 6.2. *Exhibit C* (5/18/10 Letter). Novo 1 further demanded immediate payment of the amount then-currently owed, $258,000. *Id.* Hines did not respond. Novo 1 sent another letter on June 16, 2010. *Exhibit D* (6/16/10 Letter). Once again, Hines did not respond. This lawsuit followed.

On January 11, 2011, Levendo answered Novo 1's Complaint, and both Levendo and Hines admit that this Court has personal jurisdiction over Levendo. Docket Entry No. 8, p. 1 ¶4 ("Levendo admits that this Court has jurisdiction as to Levendo only."); Docket Entry 9-1, p. 1 (Hines admits that "Levendo is subject to jurisdiction in this Court pursuant to the consent of jurisdiction and choice of law clause contained in the Agreement."). Accordingly, there is no dispute that this lawsuit will proceed against Levendo in this Court.

## ARGUMENT

### I. Applicable Standards Governing Rule 12(b)(2) Motions

Federal Rule of Civil Procedure 12(b)(2) governs Hines' motion to dismiss for lack of personal jurisdiction. When a defendant brings a Rule 12(b)(2) motion, the plaintiff has the burden of proving personal jurisdiction. *Dorf v. Ron March Co.*, 99 F. Supp. 2d 994, 996 (E.D. Wis. 2000). The burden, however, is not a heavy one. *Johnson Worldwide Assoc., Inc. v. Brunton Co.*, 12 F. Supp. 2d 901, 906 (E.D. Wis. 1998). A plaintiff need only make a *prima facie* showing of the existence of personal jurisdiction. *Id.* In determining whether personal jurisdiction exists, this Court may rely on the complaint, affidavits, deposition testimony, exhibits, or other evidence in the record. *Schimpf v. Gerald, Inc.*, 2 F. Supp. 2d 1150, 1160 (E.D. Wis. 1998). Further, this Court will draw all inferences from the record in Novo 1's favor. *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1011 (E.D. Wis. 2000).

Generally, to determine whether it has personal jurisdiction over a defendant, this Court must first decide whether the defendant is subject to personal jurisdiction under Wisconsin's long arm statute and, if so, whether exercising jurisdiction under the statute is consistent with the due process requirements of the Fourteenth Amendment. *Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990); *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986); *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 279 (7th Cir. 1990). Notably, Wisconsin's long arm statute is to be construed liberally in favor of finding jurisdiction. *See Marsh v. Farm Bureau Mutual Insurance Co.*, 505 N.W.2d 162, 165 (Wis. Ct. App. 1993). Finally, if the plaintiff raises a plausible basis for jurisdiction but has problems of proof because the defendant controls relevant evidence, this Court may permit limited discovery. *See Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co.*, 440 F.3d 870, 878 (7th Cir. 2006).

## II. There is no Dispute that this Court has Personal Jurisdiction Over Levendo

Hines admits that that this Court has personal jurisdiction over Levendo. Specifically, Hines admits that "Levendo is subject to jurisdiction in this Court pursuant to the consent to jurisdiction and choice of law clause contained in the Agreement." Docket Entry No. 9-1, p 1. Indeed, the Agreement expressly provides that "EACH OF THE PARTIES CONSENTS TO THE EXCLUSIVE JURISDICTION OF ... THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN." *Exhibit B* (Agreement), Section 7.3. In that same Agreement, each party agreed to waive all objections to personal jurisdiction. Not surprisingly, then, Levendo has answered Novo 1's Complaint and forfeited any right it otherwise would have had in the absence of the Agreement to contest personal jurisdiction under Rule 12(b)(2). See Fed.R.Civ.P. 12(h)(1); *Swaim v. Moltan Co.*, 73 F.3d 711, 717 (7th Cir. 1996) ("Generally, the failure to challenge personal jurisdiction in a responsive pleading amounts to a forfeiture of that claim."). Thus, there is no dispute that this Court has personal jurisdiction over Levendo, Hines' alter ego. As such, this litigation will unquestionably proceed against Levendo in this Court.

## III. Since this Court has Personal Jurisdiction Over Hines' Alter Ego, this Court Likewise has Personal Jurisdiction Over Hines

Even though there is no dispute that this Court has personal jurisdiction over Levendo, Hines seeks to split forums by compelling Novo 1 to pursue his alter ego in Wisconsin and pursue him in Florida. Hines ostensibly seeks to split forums on the basis that this Court does not have personal jurisdiction over him. This is incorrect.

Generally, personal jurisdiction over Levendo would not automatically give rise to personal jurisdiction over Hines as an individual. *See Oxmans' Erwin Meat Co. v. Blacketer*, 273 N.W.2d 285, 288 (Wis. 1979) ( "Personal jurisdiction over the officer [of a company] could

not be asserted on the basis of jurisdiction over the corporation"). And though Hines is not a Wisconsin resident and does not own property in Wisconsin, he was personally involved with the many communications, back and forth, with Novo 1 regarding the Agreement and debt in this lawsuit. Based on Hines' actions, he could have reasonably anticipated being haled into court in Wisconsin for his activity. *See Oxmans' Erwin Meat, supra* (analyzing a claim of intentional misrepresentation and holding that a corporate agent cannot shield himself from personal liability for a "tort he personally commits or participates in by hiding behind the corporate entity; if he is shown to have been acting for the corporation, the corporation also may be liable, but the individual is not thereby relieved of his own responsibility."); *see also* 3A William Meade Fletcher, et al., Encyclopedia of the Law of Private Corporations § 1143, at 232-36 (perm. ed., rev. vol. 2002) ("A corporate officer or agent who commits fraud is personally liable to a person injured by the fraud. An officer actively participating in the fraud cannot escape personal liability on the ground that the officer was acting for the corporation."). This is particularly true where Novo 1 seeks to pierce the corporate veil and hold Hines personally liable for an obligation of his mere instrumentality.

It is well-established that this Court may exercise personal jurisdiction over Hines by piercing the corporate veil of Levendo under the alter ego doctrine, allowing this Court to attribute Levendo's actions to Hines when determining whether personal jurisdiction exists. *See Minn. Mining & Mfg. Co., v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (Fed. Cir. 1985); *Taurus IP v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 919 (W.D. Wis. 2007) (citing *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998)). Indeed, although "[t]he alter ego doctrine and related doctrines are typically employed to pierce the corporate veil or disregard a corporate fiction to reach a controlling entity" for liability purposes, these doctrines are also

"relevant to . . . personal jurisdiction." *Taurus IP*, 519 F. Supp. 2d at 918-19. Stated simply, where a defendant has treated a business entity as an alter ego, the court may treat the defendant and the entity as one and the same for jurisdictional purposes. *Id.* at 919; *DePuy Orthopaedics, Inc. v. Gault South Bay, Inc.*, Case No. 3:07-CV-425RM, 2007 WL 3407662, at *5 (N.D. Ind. Nov. 13, 2007).

In this regard, the instant case is analogous to *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management, Inc.*, 519 F.2d 634 (8th Cir.1975). In *Lakota Girl Scout Council*, the plaintiff charged the defendant corporation with breach of contract. In the course of discovery, the plaintiff determined that the corporation was the alter ego of its corporate officer and, therefore, joined the officer as an individual defendant. *Id.* at 637. The individual defendant asserted that the court had no jurisdiction over him, as distinguished from the corporation, because he individually lacked the requisite contacts with the forum state. *Id.* The Eight Circuit flatly rejected this argument: "[I]f the corporation is [the officer's] alter ego, its contacts are his and due process is satisfied." *Id.* Likewise, it is improper for Hines to argue in this case that this Court lacks personal jurisdiction over him but does enjoy personal jurisdiction over his alter ego.

In this Circuit, "[e]fforts to pierce the corporate veil," including the alter ego doctrine, "are governed by the law of the state of incorporation." *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 933 (7th Cir.1996); *see also Taurus IP*, 519 F.Supp.2d at 919 ("A court should look to the state of incorporation of the veiled entity to determine when and whether the corporate form should be disregarded."). In this case, the veiled entity is Levendo, which was formed in Florida. Therefore, this Court will apply Florida law to determine whether Hines is the alter ego of Levendo, allowing this Court to pierce Levendo's corporate veil and exercise personal jurisdiction over Hines.

7

Case 2:10-cv-00892-JPS Filed 03/04/11 Page 7 of 12 Document 17

To establish jurisdiction under the alter ego theory under Florida law, the plaintiff's pleading must set forth sufficient jurisdictional allegations to pierce the corporate veil of the resident corporation. The corporate veil cannot be pierced unless the plaintiff can establish "both that the corporation is a 'mere instrumentality' or alter ego of the defendant, and that the defendant engaged in 'improper conduct' in the formation or use of the corporation." *Id.* at 323 (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1120-21 (Fla. 1984)); *see also Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008); *Merkin v. PCA Health Plans of Fla., Inc.*, 855 So.2d 137 (Fla. 3d DCA 2003); *Symons Corp. v. Tartan-Lavers Delray Beach, Inc.*, 456 So.2d 1254 (Fla. 4th DCA 1984).

Here, Novo 1 expressly alleges in its Complaint that Levendo is the alter ego and mere instrumentality of Hines. Indeed, Novo 1 alleges that Hines engaged in improper conduct by using Levendo to solicit, execute, and then breach the Agreement. In the Agreement, Hines—through his alter ego, Levendo—agreed that any litigation regarding the failure to pay in accordance with the Agreement should be brought in Wisconsin. Hines' alter ego breached the Agreement by failing to pay Novo 1 hundreds of thousands of dollars, and this injury will be felt by Novo 1 in Wisconsin. Even though Hines agreed to jurisdiction in Wisconsin, Novo 1 is a Wisconsin corporation, and Novo 1 will be harmed in Wisconsin due to Hines' breach, Hines attempts to hide behind his corporate façade to compel Novo 1 to split forums by maintaining one action against the alter ego in Wisconsin but maintaining a separate action in Florida against him. Hines' tactics demonstrate precisely why piercing Levendo's corporate veil is proper in this case: Novo 1 should not be made to litigate a second action in Florida against Hines—the real party in interest—where it is undisputed that this Court already has personal jurisdiction over Hines' alter ego and litigation in this Court will proceed against the alter ego.

Because Novo 1's Complaint contains sufficient allegations to pierce Levendo's corporate veil, and this Court indisputably has personal jurisdiction over Levendo, Seventh Circuit law provides that this Court has personal jurisdiction over Hines. Moreover, having consented to venue in Wisconsin in the Agreement, Hines via his alter ego waived any objection to personal jurisdiction in Wisconsin. *See, e.g., TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005) ("Ms. Flegle signed a valid forum selection clause, and '[o]bviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction.'.... Ms. Flegle is deemed to have waived her objection to personal jurisdiction.") (internal quotes and citation omitted). Further, Hines was waived any right to claim that Novo 1 properly failed to state a claim under an alter ego theory by failing to also timely move to dismiss under Rule 12(b)(6). *See* Fed.R.Civ.R. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Accordingly, personal jurisdiction exists as to Hines. *See Wausau Container Corp. v. Westview Packaging, LLC*, Case No. 10-C-630, 2010 WL 4531407, at *3-4 (E.D. Wis. Nov. 2, 2010).

### IV. Alternatively, Novo 1 Should be Permitted to Conduct Limited Discovery Regarding the Extent to Which Hines Uses Levendo as a Mere Instrumentality

As set forth above, Novo 1 has raised a plausible basis for its allegation that Levendo is Hines' alter ego, such that Levendo's corporate veil should be pierced and this Court can properly exercise personal jurisdiction over Hines. However, the relevant evidence concerning the extent to which Hines uses Levendo as his alter ego and mere instrumentality is in Hines' possession. Accordingly, since Novo 1 raises a plausible basis for jurisdiction but may have problems of proof because Hines controls relevant evidence, this Court may and should permit Novo 1 to conduct limited discovery on this issue. *See Cent. States, Se. & Sw. Areas Pension*

*Fund v. Phencorp Reins. Co.*, 440 F.3d 870, 878 (7th Cir. 2006) ("Next, we must consider whether Central States has met its burden of demonstrating the existence of general personal jurisdiction, . . . or, alternatively, has established a *prima facie* case for personal jurisdiction, such that it should have been allowed to conduct discovery.") (internal citation omitted). Therefore, Novo 1 seeks leave to conduct a limited deposition of Hines, as well as targeted written requests aimed at discovering the relationship between Hines and his alter ego, Levendo. Such limited discovery is particularly appropriate since in response to Novo 1's allegations that Levendo was Hines' alter ego, Levendo did not outright deny such allegations in Levendo's Answer. Docket Entry 8, p. 1 ¶ 3. Rather, Levendo curiously averred: "Without knowledge and therefore denied." *Id.*

## CONCLUSION

Novo 1 respectfully requests that this Court deny Hines' Rule 12(b)(2) motion. In its Complaint, Novo 1 set forth well-grounded allegations that Levendo is the alter ego and a mere instrumentality of Hines. Hines chooses to ignore these allegations. Nonetheless, because Levendo is a mere instrumentality of Hines, this Court may exercise personal jurisdiction over Hines by piercing Levendo's corporate veil. Piercing Levendo's corporate veil allows this Court to attribute Levendo's actions to Hines when determining whether personal jurisdiction exists. There is no question that this Court has personal jurisdiction over Levendo and, thus, there can be no question that this Court likewise has personal jurisdiction over Hines if Levendo's corporate veil is pierced. Moreover, since Novo 1 raised a good faith basis for jurisdiction and the relevant evidence regarding the allegations are controlled by Hines, this Court should, at the least, permit Novo 1 to conduct limited discovery on this issue.

Dated this 4th day of March, 2011.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP


s/ Brian T. Quinn
Brian T. Quinn (P66272)
222 North Washington Square, Ste. 400
Lansing, MI 48933
Telephone: (517) 377-0706
Fax: (517) 364-9506
Email: bquinn@honigman.com

George S. Peek
State Bar No. 1041648
Crivello Carlson, S.C.
710 North Plankinton Avenue #500
Milwaukee, WI 53203
Telephone: (414) 271-7722
Fax: (414) 271-4438
gpeek@crivellocarlson.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I Kimberly D. Ireland, hereby certify that on March 4, 2011, I caused Plaintiff NOVO 1, Inc.'s Response to Defendant Patrick Hines' Motion to Dismiss for Lack of Personal Jurisdiction to be electronically filed with the Clerk of the Court through ECF and that ECF will send an e-notice of the electronic filing to the following:

**Aaron J. Bernstein**   abernstein@gpjlaw.com

I further certify that I caused a copy of the foregoing documents and the Notice of Electronic Filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

Christopher J Greene
Purcell Flanagan Hay & Greene PA
1548 Lancaster Terrace
Jacksonville, FL 32204

Lindsay A Cole
Purcell Flanagan Hay & Greene PA
1548 Lancaster Terrace
Jacksonville, FL 32204

Respectfully submitted,
HONIGMAN MILLER SCHWARTZ AND COHN LLP

s/ Kimberly D. Ireland

ACTIVE.8696560.5