# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

NOVO 1, INC.,

        Plaintiff,

v.                                                    Case No. 10-CV-892

LEVENDO, LLC, and PATRICK HINES,

        Defendants.

_____

## ORDER

On October 12, 2010, Novo 1, Inc. ("Novo 1") filed a complaint against defendants Levendo, LLC ("Levendo") and Patrick Hines ("Hines") seeking $266,448.69 in damages for payment due for services provided by Novo 1 for Levendo. (Docket #1). On January 11, 2011, Levendo answered the complaint and individual defendant Hines moved to dismiss for lack of personal jurisdiction. (Docket #'s 8, 9). For the reasons set forth below, defendant Hines' motion will be denied.

## BACKGROUND

Novo 1 is a Wisconsin corporation with its principal place of business in Waukesha, Wisconsin. (Compl. ¶ 1). The company specializes in providing customer interaction solutions and operating customer contact centers. Levendo is a limited liability company organized under Florida law. (Defs.' Disclosure ¶ 2) (Docket #10). Tarajara Properties Limited owns 100% of Levendo. (*Id.*). In turn, Holdtara Limited owns 100% of Tarajara Properties Limited. (*Id.*). It is unclear in

what type of business Levendo specializes. Levendo's cursory website provides little insight, citing only an address, phone number and email address with a heading indicating it is a "telekom analysis and investment" company, which handles "[d]eal analysis, creation and participation in Telekom and E-Telekom. Direct funding and sourcing, sales, acquisitions and joint ventures." *Levendo, LLC*, http://www.levendo.com (last visited April 25, 2011). According to the complaint, Hines is the sole officer and/or director of Levendo. (Compl. ¶ 3). Novo 1 alleges that Levendo is the alter ego of Hines and a mere instrumentality of Hines. (Compl. ¶ 3). Hines is not a resident of Wisconsin, and neither has he had any contact with the state of Wisconsin outside of his duties as an officer or director of Levendo. (Hines Aff. ¶¶ 4-10) (Docket #9-2). The plaintiff's brief states that Hines "was personally involved with the many communications, back and forth, with Novo 1 regarding the Agreement and debt in this lawsuit." (Pl.'s Resp. Mot. Dismiss at 6).

On January 1, 2007, Novo 1 and Levendo entered into a Services Agreement ("Agreement"). (Compl. ¶ 6). Pursuant to the Agreement, Novo 1 agreed to provide Levendo with certain services and, in exchange, Levendo agreed to pay Novo 1 certain fees and charges on a monthly basis. (Compl ¶ 7). Moreover, Levendo agreed that any fees not paid in full within 30 days from the date of an invoice from Novo 1 would be considered past due and subject to 1.5% interest per month or to the highest rate of interest allowed by law. (Compl. ¶ 9). The Agreement also provided that upon Levendo's failure to pay any amount due to Novo 1 within 60

days from the date of an invoice, Novo 1 was permitted to terminate the Agreement upon written notice to Levendo. (Compl. ¶ 10).

Problems arose as early as November 2009 when, according to Novo 1, Levendo stopped paying invoices. (Compl. ¶ 11). Novo 1 contends that it repeatedly attempted to seek payment, but Levendo refused to pay. (Compl. ¶ 11). Accordingly, on May 18, 2010, Novo 1 notified Levendo by letter that Novo 1 was terminating the Agreement and demanded immediate payment on the overdue invoices, including interest. (Compl. ¶ 12). On June 16, 2010, Novo 1 again sent Levendo a letter demanding payment. (Compl. ¶ 13). Levendo never responded to either letter. (Compl. ¶ 13). This suit followed. Novo 1's complaint includes a claim for breach of contract against both Levendo and Hines in his individual capacity. In its complaint, Novo 1 requests the court to pierce the corporate veil of Levendo and hold Levendo and Hines jointly and severally liable for the full amount of Novo 1's damages. (Compl. ¶ 24).

## DISCUSSION

I. **Personal Jurisdiction**

The exercise of personal jurisdiction requires "sufficient contacts or ties with the state of the forum to make [bringing suit] reasonable and just, according to our traditional conception of fair play and substantial justice" such that the defendant is not unduly burdened on the exercise of personal jurisdiction. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). As an initial matter, the parties agree that

Levendo is subject to jurisdiction in this court pursuant to the consent to jurisdiction and choice of law clause contained in the parties' Agreement.[1] On the other hand, Hines argues that he was not a party to the Agreement and that Novo 1 has failed to allege the minimum contacts necessary to warrant the court's exercise of personal jurisdiction over him. Novo 1 contends that jurisdiction is appropriate and appears to present only one argument in support of the court's exercise of personal jurisdiction over Hines: that the court should pierce the corporate veil separating Levendo from Hines.

Federal Rule of Civil Procedure 12(b)(2) governs defendant Hines' motion to dismiss for lack of personal jurisdiction. When a defendant brings a Rule 12(b)(2) motion, the plaintiff has the burden of proving personal jurisdiction. *Dorf v. Ron March Co.*, 99 F.Supp.2d 994, 996 (E.D.Wis. 2000). The burden, however, is not a heavy one. *Johnson Worldwide Assoc., Inc. v. Brunton Co.*, 12 F.Supp.2d 901, 906 (E.D.Wis. 1998). A plaintiff need only make a *prima facie* showing of the existence of personal jurisdiction for discovery to be permitted. *Id.*; *Cent. States, Se. and Sw.*

---

[1]Levendo appears to be a citizen of Florida, where it is apparently registered and has its principal place of business. (Defs.' Disclosure ¶ 2). However, it is unclear where its only member, Tarajara Properties Limited, resides. For purposes of determining personal jurisdiction, as well as diversity issues, the Seventh Circuit held that an LLC is a citizen "of every state of which any member is a citizen." *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998)). Levendo has consented to jurisdiction in this district and, therefore, the court has personal jurisdiction over Levendo. However, this case is before the court based on diversity jurisdiction and, thus, Tarajara Properties Limited must be a nonresident of Wisconsin. The court will allow the proceedings to continue under the assumption that Tarajara Properties Limited is not a resident of Wisconsin. However, if this is not the case, the parties are directed to notify the court immediately.

*Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 877-78 (7th Cir. 2006). In determining whether personal jurisdiction exists, the court may rely on the complaint, affidavits, deposition testimony, exhibits, or other evidence in the record. *Schimpf v. Gerald, Inc.*, 2 F.Supp.2d 1150, 1160 (E.D.Wis. 1998). The court must draw all inferences from the record in plaintiff's favor. *PKWare, Inc. v. Meade,* 79 F.Supp.2d 1007, 1011 (E.D.Wis. 2000). Lastly, a conclusion that the plaintiff has established a *prima facie* case of personal jurisdiction does not relieve the plaintiff from proving jurisdictional facts at the summary judgment stage or at trial*. See O'Hare Int'l Bank v. Hampton et al.*, 437 F.2d 1173, 1176 (7th Cir. 1971).

In a diversity case, this federal court has personal jurisdiction over a nonresident defendant only if a court in Wisconsin would have personal jurisdiction. *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1358 (7th Cir. 1996). To determine whether it has personal jurisdiction over a defendant, the court must first decide whether the defendant is subject to personal jurisdiction under Wisconsin's long arm statute and, if so, whether exercising jurisdiction under the statute is consistent with the due process requirements of the Fourteenth Amendment. *Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990); *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986); *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 279 (7th Cir. 1990). Here, Novo 1 contends that personal jurisdiction exists over

Hines under the alter ego doctrine, rather than under the Wisconsin long-arm statute, and, thus, the court will focus its inquiry accordingly.

Personal jurisdiction over Levendo does not automatically give rise to personal jurisdiction over Hines as an individual. *See Oxmans' Erwin Meat Co. v. Blacketer,* 273 N.W.2d 285, 288 (Wis. 1979) ("Personal jurisdiction over the officer [of a company] could not be asserted on the basis of jurisdiction over the corporation"). However, it appears that Wisconsin courts have recognized a theory of specific jurisdiction based on allegations that a nonresident is the alter ego of an entity that is subject to the personal jurisdiction of the state. *See Rasmussen v. General Motors Corp.,* 326 Wis.2d 264, 787 N.W.2d 59 (Wis. Ct. App. 2010) (suggesting but not holding that personal jurisdiction could be based on a piercing of the corporate veil theory rather than under the long-arm statute); *see also Taurus IP v. DaimlerChrysler Corp.*, 519 F.Supp.2d 905 (W.D. Wis. 2007) (applying Wisconsin law) (finding third party defendants were subject to personal jurisdiction under the alter ego doctrine because the doctrine "imputes consent to jurisdiction to the alter egos of a consenting party . . . for the simple reason that the actions of a party are those of its alter egos.") (citing *Packer v. TDI Systems, Inc.,* 959 F.Supp. 192, 203 (S.D.N.Y. 1997).

Efforts to pierce the corporate veil are governed by the law of the state of incorporation. *Stromberg Metal Works, Inc. v. Press Mech., Inc.,* 77 F.3d 928, 933 (7th Cir. 1996). In this case, Levendo was formed in Florida and, therefore, Florida

law governs. Similar to most other jurisdictions, courts applying Florida law are reluctant to pierce the corporate veil and "will do so only in exceptional cases where there has been extreme abuse of the corporate form."[2] *Government of Aruba v. Sanchez*, 216 F.Supp.2d 1320, 1362 (S.D. Fla. 2002). A party seeking to pierce the corporate veil and hold a member or officer liable for the actions of the corporation must prove: (1) that the corporation was a "mere instrumentality" of the member or officer; and (2) that the member or officer engaged in "improper conduct" through the corporation. *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.* 162 F.3d 1290, 1320 (11th Cir. 1998) (citing *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1117-21 (Fla. 1984)). Improper conduct is present only in "'cases in which the corporation was a mere device or sham to accomplish some ulterior purpose . . . or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose.'" *Dania Jai-Alai Palace, Inc.,* 459 So.2d at 1117 (quoting *Mayer v. Eastwood, Smith & Co.*, 122 Fla. 34, 164 So. 684, 687 (Fla.1935)).

In this case, Novo 1 has done little more than suggest that Hines is the alter ego of Levendo and that Hines has engaged in improper conduct through the use of Levendo. However, the court finds that while the allegations and evidence set forth by Novo 1 are not sufficient to establish personal jurisdiction over Hines, they

---

[2]Florida law subjects corporations and LLCs to the same treatment with regard to holding members liable for the purpose of veil piercing. Fla. Stat. § 608.701 ("In any case in which a party seeks to hold the members of a limited liability company personally responsible for the liabilities or alleged improper actions of the limited liability company, the court shall apply the case law which interprets the conditions and circumstances under which the corporate veil of a corporation may be pierced under the law of this state.").

do make out a *prima facie* case necessary for Novo 1 to be permitted discovery on the jurisdictional issue. For instance, the complaint alleges that Hines is a member of Levendo and the sole officer and or director of Levendo. (Compl. ¶ 3). The complaint further alleges that "Levendo is the alter ego of Hines and a mere instrumentality of Hines." (Compl. ¶ 3). Novo 1 also submitted the declaration of Mike Satterlee ("Satterlee"), who served as a National Account Manager for Novo 1, in support of its alter ego theory of personal jurisdiction. According to Satterlee, it was Hines who contacted Novo 1 in 2006 to solicit Novo 1's services, and it was Hines who executed the Agreement. (Satterlee Decl. ¶¶ 8, 11) (Docket #17-2). Furthermore, in Novo 1's response to the motion to dismiss, it claims that Hines was "personally involved with the many communications, back and forth, with Novo 1 regarding the Agreement and debt in this lawsuit." (Response at 6). Lastly, Novo 1's evidence and allegations suggest that Hines – via Levendo – engaged in improper conduct by soliciting, executing, and breaching the Agreement. While much of Novo 1's evidence shows only that Hines is affiliated with Levendo, the court finds, by drawing all inferences from the record in plaintiff's favor,[3] Novo 1 has made a minimal showing that Hines exercised an unusually high degree of control over Levendo. Thus, the facts set forth by Novo 1, and assumed to be true for purposes of this motion, sufficiently make out a *prima facie* case that Levendo is the alter ego

---

[3]The defendants' disclosure statement also casts some suspicion on who actually controls Levendo as it is fully owned by another company, which is in turn, also fully owned by another company, both of which the court has no further information about.

of Hines and Hines engaged in improper conduct by using Levendo as a device to receive services from Novo 1 without paying for those services.[4]  Accordingly, because Novo 1 has adequately demonstrated a colorable basis for jurisdiction, the court will deny Hines' motion to dismiss for lack of personal jurisdiction and allow Novo 1 to conduct limited discovery regarding personal jurisdiction under the alter ego theory over Hines.

Accordingly,

**IT IS ORDERED** that defendant Hines' motion to dismiss for lack of personal jurisdiction (Docket #9) be and the same is hereby **DENIED**; Novo 1 is granted leave to conduct a limited deposition of Hines and to make written discovery requests targeted at the relationship between Hines and Levendo.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[4] In reaching this conclusion the court is mindful that "[w]hether sufficient minimum contacts exist cannot be answered by applying a formula or rule of thumb, but by ascertaining what is fair and reasonable in the circumstances of the particular situation.'" *Hutter Northern Trust v. Door County Chamber of Commerce*, 403 F.2d 481, 484 (7th Cir. 1968).  Based on the record now before the court, it seems clear that Hines purposefully directed his efforts toward residents of Wisconsin via Levendo, such that he should reasonably have anticipated being haled into court here. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).  And while it would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for personal jurisdiction, under the circumstances of this case, the court is satisfied that plaintiff has shown it has a substantive and reasonable basis for believing that personal jurisdiction exists over Hines.