# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

NOVO 1, INC.,

        Plaintiff,

v.                                                                       Case No. 10-CV-892

LEVENDO, LLC, and PATRICK HINES,

        Defendants.

_____

## ORDER

On May 9, 2011, this court entered an order in the above-captioned matter denying defendant Patrick Hines' ("Hines") motion to dismiss for lack of personal jurisdiction and granting plaintiff, Novo 1, Inc. ("Novo 1") leave to conduct a limited deposition of Hines and to make written discovery requests targeted at the relationship between Hines and defendant Levendo, LLC ("Levendo"). (Docket #19). On May 19, 2011, Hines filed a motion for clarification and reconsideration pursuant to Federal Rule of Civil Procedure 54(b) as well as a motion for certification for interlocutory appeal of the court's order on Hines' motion to dismiss. (Docket #20). For the reasons set forth below, the court will grant Hines' motion for clarification, grant in part and deny in part Hines' motion for reconsideration, and deny Hines' motion for certification for interlocutory appeal.

**I.    Motion for Clarification**

Federal Rule of Civil Procedure 54(b) provides that any non-final decision or order "may be revised at any time before the entry of judgment adjudicating all the

claims." Fed.R.Civ.P. 54(b). Pursuant to this rule, Hines seeks clarification of this court's May 9, 2011 order, arguing that the order was unclear as to whether the court had established personal jurisdiction over Hines or whether the court had stayed its decision on personal jurisdiction until after limited jurisdictional discovery was complete. In its May 9, 2011 order, the court never stated that it was exercising personal jurisdiction over Hines. Rather, the court found that Novo 1 had demonstrated a colorable basis for jurisdiction – in other words, a prima facie case of personal jurisdiction – and, therefore, permitted Novo 1 to conduct limited discovery on the jurisdictional issue. Indeed, the court explicitly stated "that while the allegations and evidence set forth by Novo 1 are not sufficient to establish jurisdiction over Hines, they do make out a *prima facie* case necessary for Novo 1 to be permitted discovery on the jurisdictional issue." (Order at 7-8).

In hindsight, the court may have been better served by staying its decision on Hines' motion to dismiss for lack of personal jurisdiction until the parties conducted limited jurisdictional discovery, rather than denying the motion. Therefore, the court will vacate its May 9, 2011 order denying defendant Hines' motion to dismiss for lack of personal jurisdiction and, instead, the court will defer its ruling on the motion to dismiss until jurisdictional discovery has taken place. As will be discussed below, the court's order granting plaintiff leave to conduct a limited deposition of Hines and to make written discovery requests targeted at the relationship between Hines and Levendo will remain undisturbed. The parties will be directed to complete discovery

within thirty days of the date of this order.  Thereafter, the plaintiff may submit a response to the motion to dismiss within twenty-one days from the date of the close of jurisdictional discovery. The defendant may submit its reply within fourteen days of service and filing of the plaintiff's response.

## II.     Motion for Reconsideration

The court's May 9, 2011 order was an interlocutory order because it was an intervening decision "'between the commencement and the end of a suit which decide[d] some point or matter, but is not a final decision of the whole controversy.'" *Acme Printing Ink Co. v. Menard, Inc.,* 891 F.Supp. 1289, 1294 (E.D. Wis. 1995) (quoting Black's Law Dictionary (6th ed.)).  Whether to reconsider an interlocutory order is within the sound discretion of the district court. *Id.*  The Seventh Circuit has noted that motions to reconsider serve a valuable function where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)).

In support of his motion for reconsideration, Hines argues that the court has fundamentally misunderstood and misapplied the law regarding personal jurisdiction. Specifically, Hines contends that by allowing jurisdictional discovery, the court is effectively subjecting Hines to personal jurisdiction in Wisconsin, thereby violating

his due process rights. Hines insists that the court must make a conclusive determination that he is the alter ego of Levendo before it would subject him to jurisdictional discovery. Yet, he also avers that it is too early in the proceedings for the court to make such a determination.

In this sense, it appears that Hines, rather than the court, may be under a misapprehension. The Seventh Circuit has clearly held that it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists. *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). The only limits on this discretion are that a plaintiff must first make out a prima facie case that jurisdiction exists. *Id.* ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."). Thus, contrary to Hines' assertions, a plaintiff is not required to conclusively establish, nor is a court required to conclusively determine, that a defendant is subject to personal jurisdiction before allowing jurisdictional discovery to proceed. Accordingly, in this case, the court was not required to conclusively determine that Hines is the alter ego of Levendo before allowing Novo 1 to conduct a limited deposition of Hines and to make limited written discovery requests. Instead, the court was simply required to determine that Novo 1 established a colorable basis for personal jurisdiction.

The court did just that. In its May 9, 2011 order, the court detailed Novo 1's allegations and the controlling Florida law on piercing of the corporate veil. Under

Florida law, a party seeking to pierce the corporate veil and hold a member or officer liable for the actions of the corporation must prove: (1) that the corporation was a "mere instrumentality" of the member or officer; and (2) that the member or officer engaged in "improper conduct" through the corporation. *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.* 162 F.3d 1290, 1320 (11th Cir. 1998) (citing *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1117-21 (Fla. 1984)). Here, the court found that the plaintiff successfully made out a prima facie case of personal jurisdiction by making a minimal showing that Hines exercised an unusually high degree of control over Levendo such that the corporation was a mere instrumentality of Hines, and Hines engaged in improper conduct by using Levendo as a device to receive services from Novo 1 without paying for those services. Hines has not convinced the court that these findings constituted significant mistakes requiring the court to reverse its decision allowing jurisdictional discovery. Therefore, the court will deny Hines' motion for reconsideration as to his claim that the court's granting of jurisdictional discovery was improper. However, the court will grant defendant's motion for reconsideration to the extent the court should have stayed its decision on the motion to dismiss, rather than deny the motion. Accordingly, the court will vacate its order denying the motion to dismiss and, instead, defer its decision on the motion until limited jurisdictional discovery has been completed and the parties have had an opportunity to make further submissions in support of and in opposition to the motion to dismiss.

**III.   Motion for Certification for Interlocutory Appeal**

To certify an issue for interlocutory appeal, the court must find that the order in question presents a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Ford Motor Co.*, 344 F.3d 648, 653 (7th Cir. 2002). The Seventh Circuit has indicated that interlocutory appeals are generally disfavored because they are an exception to the final judgment rule, they interrupt the progress of a case and prolong its disposition, and an avalanche of interlocutory appeals would result if every procedural ruling was subject to appellate review. *See Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 669 (7th Cir. 1999). The decision whether to allow an immediate interlocutory appeal of a non-final order under § 1292(b) is within the discretion of the district court. 28 U.S.C. § 1292(b); *Swint v. Chambers County Com'n*, 514 U.S. 35, 47 (1995) (holding that Congress chose to confer on district courts first line discretion to allow interlocutory appeals).

In this case, Hines' argument for certification is premised on his contention that the court cannot subject Hines to jurisdictional discovery without effectively finding personal jurisdiction over him. More specifically, Hines argues that the Seventh Circuit has not yet addressed the issue of jurisdictional discovery as it relates to a plaintiff's bare allegations of alter ego in the complaint. However, as the court has previously noted, the Seventh Circuit has held that a court need not find

personal jurisdiction over a defendant to permit jurisdictional discovery. Rather, "the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Reimer Express,* 230 F.3d at 946. Contrary to Hines' argument, there is no substantial ground for difference of opinion on this point and, therefore, certification would be improper under § 1292(b). Accordingly, the court will deny Hines' motion for certification for interlocutory appeal.

Accordingly,

**IT IS ORDERED** that defendant Hines' motion for clarification (Docket #20) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendant Hines' motion for reconsideration (Docket #20) be and the same is hereby **GRANTED in part** and **DENIED in part**; the court will grant defendant's motion for reconsideration to the extent the court should have stayed its decision on the motion to dismiss, rather than deny the motion; the court will deny Hines' motion for reconsideration as to his claim that granting jurisdictional discovery was improper;

**IT IS FURTHER ORDERED** that the court's May 9, 2011 order denying defendant Hines' motion to dismiss for lack of personal jurisdiction be and the same is hereby **VACATED**; the court will defer its ruling on the motion to dismiss until jurisdictional discovery has taken place;

**IT IS FURTHER ORDERED** that the parties are to complete jurisdictional discovery within **thirty (30) days** of the date of this order; thereafter, the plaintiff may

submit a response to the motion to dismiss within **twenty-one (21) days** from the date of the close of jurisdictional discovery; defendant Hines may submit his reply within **fourteen (14) days** of service and filing of the plaintiff's response; and

**IT IS FURTHER ORDERED** that defendant Hines' motion for certification for interlocutory appeal (Docket #20) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge